U.S. Bankruptcy Court
Middle District of Florida

**In re:**
**TRINH HUE HUYNH**,

      Debtor,                                        Bankruptcy Case No. 6:24-bk-6693-TPG
v                                                     Adversary Proceeding No. 6:25-ap-00039-TPG

**YANHONG CHEN**
**XIN QIANG**

      Plaintiff
v.
**TRINH HUYNH**,

      Defendant.

_____

### SECOND MOTION TO DISMISS

Defendant Trinh Huynh ("Defendant"), by and through her undersigned counsel, hereby requests that this Court dismiss the Complaint [DE 1] filed by Plaintiffs YANHONG CHEN and XIN QIANG ("Plaintiffs") pursuant to Bankruptcy Rule 7012, and states as follow:

**I. MOTION TO DISMISS COUNT I FOR ISSUE PRECLUSION.**

**A. Background and Procedural Context for FLSA and FMWA Claims.**

Defendant won a jury verdict on minimum wage and overtime wage claims for the same issues raised in Florida Middle District Court, as identified as Wow 1 in the Complaint. Compl., DE 1, p. 1, ¶ 2; p. 2, ¶ 3. A Complaint operative is attached as Exhibit "A," and the verdict reached by the jury is attached as Exhibit "B" and "C" for both Plaintiffs. Plaintiff, post-verdict, filed a motion for judgment as a matter of law (JMOL) under Federal Rule of

Civil Procedure (FRCP) 50(b), but didn't raise it during trial, which is typically required under FRCP 50(a). Plaintiff now initiated an adversary proceeding in bankruptcy court, raising the same wage issues. It shall be dismissed for issue preclusion.

**B. Issue Preclusion (Collateral Estoppel) Standard.**

Issue preclusion prevents relitigation of an issue already decided between the same parties. Under federal law, as outlined by the Supreme Court in *Taylor v. Sturgell* (553 U.S. 880, 2008), four elements must be met: (1) the issue in the prior and current case is identical; (2) the issue was actually litigated; (3) the prior decision was final and on the merits; and (4) the party against whom preclusion is asserted (plaintiff) had a full and fair opportunity to litigate. In bankruptcy, the 5th Circuit in *In re Pancake* (199 B.R. 350, 1996) confirmed that prior federal court judgments can have preclusive effect if these criteria are satisfied (*In re Pancake*, 199 B.R. 350 (Bankr. N.D. Tex. 1996)).

Here, the jury verdict addressed the minimum wage and overtime wage claims under the Fair Labor Standard Act (FLSA) and Florida Minimum Wage Act (FMWA), and found for Defendant. The jury found Defendant was not liable to both Plaintiffs with respect to minimum wages and overtime pay. *See* Exhibit "B" and "C." The jury also found no fraud was committed by Defendant. *Id.* The adversary pleading raises the "same issue," where Plaintiff seeks to relitigate these wage claims. As the issues are identical (e.g., whether Defendant owed wages), the first element is met. The jury trial indicates the issue was actually litigated, and a jury verdict is a final decision on the merits unless overturned, satisfying elements two and three. Plaintiff, as the opposing party in the trial, had their chance to present evidence, meeting

the fourth element.

### C. Impact of Plaintiff's JNOV Motion.

Plaintiff's post-trial judgement notwithstanding verdict JNOV motion under FRCP 50(b) complicates the timeline. FRCP 50(a) requires a JNOV motion before the case goes to the jury, and failure to do so often bars a post-trial 50(b) motion.

### D. Order on JNOV Motion.

On July 11, 2025, the sitting judge in the Middle District Court of Florida (FLMD) ruled that no plain errors were found in the FLSA and FMWA, thus the verdict stands. A copy of the order is attached as Exhibit A.

### D Bankruptcy Court and Adversary Proceeding.

Defendant's bankruptcy filing shifts the case to bankruptcy court, where Plaintiff's adversary pleading raises the wage issues again. Bankruptcy courts respect prior judgments under the Full Faith and Credit Act (28 U.S.C. § 1738), and issue preclusion applies unless a bankruptcy-specific exception exists, such as determining nondischargeability of a debt under 11 U.S.C. § 523(a). However, minimum wage and overtime claims are typically dischargeable unless tied to fraud or willful injury, which the jury specifically found no fraud. Thus, it is must be precluded. Meanwhile, this Court has discretion in deciding whether or not to follow the ruling in the same level of district court.

### E. Issue of IRC.

In Wow 2 as identified in the Complaint, the facts remain the same with the jury found no actual damages for Plaintiff YANHONG CHEN, but found Defendant fraudulently filed the tax report. See Exhibit "D" for Jury's Verdict on IRC issue. Plaintiff Chen argued for statutory damages before the Middle District Court of Florida. The court mandated that Plaintiff filed a motion to the court for consideration on or before Feb. 14, 2025. However, till Feb. 14, 2025, Plaintiff Chen failed to file any motion to argue the statutory damages. Plaintiff filed an untimely motion on or around Feb. 28, 2025 to seek statutory damages from the middle district court. However, the judge in FLMD granted Plaintiff's motion. *See* Exhibit A, FLMD Order, p. 8, ¶ 3.

### F. Conclusion

The issues of FLSA and FMWA shall be dismissed with prejudice as issue preclusion. The issue of IRC is colorable, dependent on this Court's discretion.

**WHEREFORE,** Defendant Trinh Huynh, by and through her undersigned counsel, hereby requests that this Court dismiss the Complaint [DE 1] filed by Plaintiffs YANHONG CHEN and XIN QIANG ("Plaintiffs") pursuant to Bankruptcy Rule 7012. Defendant consents to entry of final orders or judgment by the bankruptcy court.

Respectfully submitted on Sept. 6, 2025,

/s/ Jianyin Liu
FBN: 1007675
Jianyin Liu, Esq.
Attorney for Defendant
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C Palmetto

Bay, FL 33157<br>
Ph: (305) 209 6188<br>
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Sept. 6, 2025.

<u>/s/ Jianyin Liu</u><br>
FBN: 1007675<br>
Jianyin Liu, Esq.